UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES JOHN BETTS,

    Petitioner,

v.                                           Case No. 6:10-cv-513-Orl-31GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 5). Petitioner filed replies to the response (Doc. Nos. 7 & 10).

Petitioner alleges four claims for relief in his petition: (1) the police failed to comply with state law to obtain a warrant to search Petitioner's home, (2) the judge who issued the search warrant failed to properly evaluate the affidavit in support of the application for the warrant, (3) the trial court erred in denying his motion to suppress by failing to properly apply state law, and (4) the appellate court misapplied state law in affirming the trial court's denial of his motion to suppress. For the following reasons, the petition is denied.

I.    *Procedural History*

Petitioner was charged with 184-counts of unlawful possession of materials depicting sexual performance by a child. Petitioner filed a motion to suppress the evidence

found in the search of his home pursuant to a search warrant. The state trial court held a hearing on the motion and subsequently denied relief. Petitioner entered a plea of guilty to all charges, reserving the right to appeal the denial of his motion to suppress. The state court sentenced Petitioner to a four-year term of imprisonment for count one, to a five-year term of sex offender probation for count two, consecutive to the sentence for count one, and to concurrent five-year terms of sex offender probation for counts three through 184 to run consecutive to the sentence for count two. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed.

## II.     Legal Standards

### A.     Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions;

the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III. *Analysis*

In claims one through four, Petitioner asserts that the judge improperly issued the search warrant and the trial court and appellate court erred by denying Petitioner's motion to suppress the evidence obtained from his home in violation of his Fourth and Fourteenth

3

Amendment rights. In support of claim one, Petitioner contends that the affidavit in support of the search warrant consisted only of unverified hearsay. (Doc. No. 1 at 5-6.) Similarly, in claim two, Petitioner argues that the magistrate judge failed to consider whether the affidavit in support of the search warrant was sufficient pursuant to state and federal law given that it was based on unsworn hearsay evidence. Likewise, in claim three, Petitioner contends that the state court failed to apply the higher state standard for issuance of a search warrant. Finally, in claim four, Petitioner asserts that the appellate court relied on an inapposite case in affirming the trial court denial of Petitioner's motion to suppress.

As noted supra, Petitioner's trial counsel filed a motion to suppress the evidence obtained from Petitioner's home. In the motion, defense counsel asserted that the affidavit in support of the search warrant did not establish probable case for the warrant because it did not contain sufficient evidence. (App. C.) The motion to suppress also discussed state law concerning the requirements for an affidavit to support a search warrant, including the reliability of the affiant and verification of information obtained from the internet. *Id*.

The trial court conducted an evidentiary hearing on the motion. (App. D.) The officer, who investigated the case against Petitioner and filed the application for the search warrant, testified regarding the investigation and evidence gathered during the investigation. Defense counsel then argued that the evidence obtained from the search of Petitioner's home should be suppressed because the affidavit in support of the search

4

warrant did not contain sufficient reliable evidence to establish probable cause for the warrant. *Id*. at 42-56.

The trial court subsequently denied the motion to suppress. (App. D at 64.) In denying the motion, the trial court found that the affidavit in support of the warrant established probable cause for the issuance of the search warrant in light of the totality of the circumstances and the good faith exception to the exclusionary rule otherwise applied. *Id*.

Petitioner appealed the trial court's denial of the motion to suppress. (App. H.) Appellate counsel argued that the search warrant was not supported by probable cause for the same reasons asserted in the trial court. *Id.* at 8-23. The Fifth District Court of Appeal affirmed the trial court's decision, concluding "the magistrate had probable cause to issue the search warrant and there existed sufficient nexus to the home searched." (App. G.)

The Supreme Court of the United States in *Stone v. Powell,* 428 U.S. 465 (1976), determined that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494 (footnotes omitted). In order to be entitled to federal habeas review of a Fourth Amendment claim, the petitioner must demonstrate that he "was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Id.* at 495 n.37; *Mincey v. Head*, 206 F.3d 1106, 1125-26 (11th Cir. 2000). Federal courts may not consider the merits of Fourth Amendment claims merely because the state

courts erred in their Fourth Amendment analysis. *See Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978).

Petitioner has failed to demonstrate that the hearing conducted by the state trial court on his motion to suppress denied him an opportunity to fully and fairly litigate his Fourth Amendment claim. Instead, the record establishes that Petitioner was afforded the opportunity to present evidence regarding the investigation and the sufficiency and reliability of the statements in the affidavit in support of the warrant, thereby challenging the search warrant. Furthermore, the trial court considered the evidence presented and relevant case law and made specific findings of fact as to the arguments raised by Petitioner in denying the motion to suppress. Petitioner appealed the trial court's denial of the motion to suppress, and the appellate court affirmed the trial court. Under these circumstances, the Court concludes that Petitioner was afforded a full and fair opportunity to litigate and have adjudicated his Fourth Amendment claim. *See Mason v. Allen*, 605 F.3d 1114, 1120-21 (11th Cir. 2010) (concluding that *Powell* precluded consideration of the petitioner's Fourth Amendment claim because the petitioner fully litigated the issue in the state court); *Harris v. Dugger,* 874 F.2d 756, 761 (11th Cir. 1989) (holding that district court erred in considering the federal habeas petitioner's claim where the petitioner had fully and fairly litigated his claim in the state courts of Florida); *Boggs v. Bair,* 892 F.2d 1193, 1200 (4th Cir. 1989) (concluding that federal habeas petitioner "was afforded every full and fair opportunity to litigate and have adjudicated the Fourth Amendment claim with respect to the search of his vehicle and . . . he should not be permitted to further relitigate the same

. . . ."); *cf. Hearn v. Florida*, 326 F. App'x 519, 522 (11th Cir. 2009) (concluding that the petitioner's Fourth Amendment claim challenging omissions in the search warrant was not precluded from consideration by *Powell* because neither the trial nor appellate court made any findings of fact to reconcile the dispute between the statements of the police and the petitioner's telephone records). Therefore, claims one through four must be denied.[1]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. Certificate of Appealability

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

---

[1] Alternatively, the Court notes that Petitioner has failed to demonstrate that the state court's determinations were either contrary to, or an unreasonable application of, clearly established federal law. Accordingly, if these claims were considered on the merits, relief would be denied pursuant to Section 2254(d).

court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by James Betts (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 3rd day of January, 2012.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 1/3
James Betts
Counsel of Record